UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tamar Rosenbaum,<br><br>                    Plaintiff,<br><br>   -v.-<br>Jzanus LTD.<br><br>                    Defendants. | Case No.: 1:21-cv-3819<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tamar Rosenbaum ("Plaintiff") brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Jzanus Ltd., ("Jzanus"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was due to the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Queens.

8. Defendant Jzanus is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a (6) and used in the FDCPA with an address at 1230 Hempstead Turnpike, Franklin Square, New York, 11010.

9. Upon information and belief, Defendant Jzanus is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats the above allegations as if set forth here.

11. Prior to March 2, 2021, obligations were allegedly incurred by Plaintiff to non-party Mount Sinai South Nassau ("Mount Sinai").

12. The obligations arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically personal medical services.

13. The alleged Mount Sinai obligations are each a "debt" as defined by 15 U.S.C.§ 1692a (5).

14. Mount Sinai is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

15. Upon information and belief, Mount Sinai contracted with Defendant Jzanus to collect the alleged debt.

16. Defendant Jzanus collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Background*

17. On or about March 2, 2021, Defendant sent Plaintiff an initial collection letter.

18. The March 2 letter ostensibly provided the notices required by 15 U.S.C. § 1692g.

19. The March 2 letter noted that Plaintiff had 30 day to dispute the debt and request verification.

20. On or about March 15, 2021, Plaintiff sent a letter to Jzanus, disputing the debt and demanding verification thereof.

21. The letter was sent by the undersigned as an attorney in his personal capacity (i.e., not from the undersigned's law firm).

22. Plaintiff's letter stated that Plaintiff was now represented by counsel regarding all collection matters and that no further contact should be made to her directly.

*Violations – Subsequent Collection Letters*

23. On or about April 16, 2021, April 27, 2021, June 8, 2021, and June 11, 2021, Defendant Jzanus sent the Plaintiff collection letters regarding the alleged debt owed to Mount Sinai. Copies of these letters are attached as Exhibit A.

24. The Letters were addressed to, and received by, Plaintiff.

25. Despite being on notice that Plaintiff disputed the debt, Defendant failed to send the required verification.

26. In addition, despite being on notice that Plaintiff was represented by counsel, Defendant contacted Plaintiff directly to collect alleged debts.

27. Defendant's Letters served to harass Plaintiff.

28. Defendant's actions caused Plaintiff fear, anxiety, stress, and confusion as she thought she was represented by counsel through whom Defendant would communicate.

29. This caused Plaintiff to be misled as to the status of the debt and to her rights.

30. Defendant's actions were false, harassing, deceptive, and/or misleading.

31. Plaintiff was concerned and confused by the Defendant's actions.

32. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

33. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

34. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

35. Defendant's action caused Plaintiff to expend further time communicating with her attorney.

36. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

37. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

38. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

39. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

40. Plaintiff was confused and misled to her detriment by the statements in the dunning letters, and relied on the contents of the letters to her detriment.

41. As a result of Defendant's debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats the above allegations as if set forth here.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated sections 1692e, 1692e (2), 1692e (5), and 1692e (10) by sending collection letters directly to a represented party and continuing collection activities without verifying the debt as requested.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

47. Plaintiff repeats the above allegations as if set forth here.

48. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

49. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

50. Defendant violated this section by contacting a represented party and contacting a consumer after being directed to cease communications and failing to verify the debt before resuming collections.

51. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

52. Plaintiff repeats the above allegations as if set forth here.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

54. Pursuant to 15 U.S.C. §1692c "a debt collector may not communicate with a consumer in connection with the collection of any debt", "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address".

55. In addition, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except [listing exceptions not applicable here]".

56. Defendant violated this section by:

   a. Contacting the consumer in violation of § 1692c (a):

      1. despite being on notice that the consumer was represented by an attorney with respect to the debt; and

      2. Defendant had knowledge of the attorney's name and address; and

      3. the attorney did not fail to respond within a reasonable amount of time to a communication(s) from Defendant; and

      4. the attorney did not consent to Defendant communicating with the consumer;

   a. by communicating with the consumer after being notified in writing to cease communication, in violation of § 1692c (c).

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

58. Plaintiff repeats the above allegations as if set forth here.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

60. Pursuant to 15 U.S.C. §1692 g(b), if a consumer notifies the debt collector in writing, within the thirty-day validation period that the consumer disputes the debt, the debt collector must cease collection of the debt until the debt collector obtains verification of the debt.

61. The Defendant violated §1692g(b) by failing to properly verify the alleged debt.

62. Defendant was required to cease collection until the Plaintiff was provided with validation of the alleged debt.

63. Defendant failed to cease collection efforts and continued collections.

64. Defendant failed to provide the Plaintiff with a proper validation.

65. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tamar Rosenbaum demands judgment from Defendant Mullooly as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 7, 2021                                                          Respectfully submitted,

**Stein Saks PLLC**

/s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501

*Attorneys for Plaintiff*